# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Jessica Lanette Hill, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Impact Receivables Management, LLC, | ) | **COMPLAINT** |
| | ) | **WITH JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

1. This action for damages is based upon Defendant's overt and intentional unlawful conduct in the furtherance of its efforts to collect a consumer debt. Defendant's conduct is in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390, *et seq.*

## PARTIES

2. Plaintiff, Jessica Lanette Hill, is a natural person who resides in Carroll County, Georgia.

1

3. Plaintiff is allegedly obligated to pay a consumer debt and is, therefore, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Impact Receivables Management, LLC, is a limited liability company formed under the laws of the State of Texas and registered to do business in Georgia. Defendant may be served with process via its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092-2924.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

7. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because Defendant maintains a registered agent for service of process in Gwinnett County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

9. Plaintiff is allegedly obligated to pay a consumer debt and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant uses interstate commerce and/or mail in its business. The principal purpose of Defendant's business collection of consumer debts owed or due, or asserted to be owed or due, to a third party. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant touts on its website its skill in collecting on consumer debt, writing:

*"Our priority is to recover outstanding balances with tact and professionalism, returning the money you are owed as quickly as possible."*

See, http://www.impactreceivablesmanagement.com/about.html. (Last visited November 15, 2019.)

12. On June 11, 2019, Plaintiff commenced a Chapter 13 bankruptcy case by filing a Petition of Relief with the Clerk of the United States Bankruptcy Court, Northern District of Georgia, Newnan Division. Plaintiff's bankruptcy was

3

assigned case number 19-11124.

13. On June 21, 2019, Defendant filed a proof of claim in Plaintiff's bankruptcy case, Claim Number 3, in the amount of $144.48 (the "Debt"), alleging that Defendant is the original creditor and rightful holder of a debt allegedly owed by Plaintiff. A copy of the Proof of Claim (the "POC") is attached hereto as "Exhibit 1". Exh. 1, enumerations 1 & 2.

14. A proof of claim is a written statement, made under oath, setting forth the nature, composition, and amount of a creditor's claim to payment and an attempt to collect an alleged debt.

15. Upon information and belief, Defendant is neither the owner/holder of the debt nor is it the originator of the debt referenced in its POC.

16. Rather, Defendant is attempting to collect the Debt on behalf of an unidentified third-party.

17. The Debt referenced in Defendant's POC is allegedly based upon a "breach of contract". Exh. 1, pg. 2, enumeration 8.

18. The original contract was, upon information and belief, a residential lease agreement and was primarily for personal, family, or household purposes.

19. The Debt being collected by Defendant is a "consumer debt" as defined by 15 U.S.C. §§ 1692a(3) and (5).

20. Defendant's filing of the POC was a communication to third parties in an attempt to collect a consumer debt.

21. Upon information and belief, Defendant has made objectively false and misleading representations regarding the nature and composition of the Debt it is seeking to collect.

22. Defendant's POC declares that the amount of the claim is $144.48. Exh. 1, pg. 2, enumeration 7.

23. Documents attached to Defendant's POC indicate that the $144.48 amount is comprised of the charge for repairs to a broken window. Exh. 1, pg. 4.

24. Additionally, the documents attached to Defendant's POC indicate that Plaintiff's security deposit of $41.00 was applied to the debt. Exh. 1, pg. 5.

25. Upon information and believe, however, the $41.00 deposit was not in fact applied to the debt, and the Defendant has effectively inflated its POC.

## INJURIES-IN-FACT

26. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th

Cir. 2016).

27. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

28. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

29. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

30. Accordingly, through the violation of Plaintiff's statutorily-created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## **DAMAGES**

31. As a result of Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

    a. Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

   b. Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding Defendant's collection efforts; and

   c. Anxiety and worry caused by concern that she is being called upon to pay an improper/inflated claim.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § § 1692e and 1692f

32.  Plaintiff incorporates by reference paragraphs 1 through 31 as though fully stated herein.

33.  Defendant's filing of its POC was an attempt to collect a consumer debt.

34.  15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

35.  The use of "or" in § 1692e means a representation violates the FDCPA if it is false *or* deceptive *or* misleading. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

36. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive. *Id*.

37. Defendant's sworn representations that it was the owner/holder the debt were objectively false and violated 15 U.S.C. § 1692e, and e(10).

38. The Defendant's demand for an inflated amount violated 15 U.S.C. § 1692e, e(2)(A), and e(10).

39. The Defendant's intentional obfuscation of both the original creditor and current holder was deceptive and an unfair collection practice in violation of 15 U.S.C. § 1692f.

40. As a result of Defendant's violations of 15 U.S.C. § 1692e, Defendant is liable to Plaintiff for Plaintiff's actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT O.C.G.A. § 10-1-390,** *et seq***.**

41. Plaintiff incorporates by reference paragraphs 1 through 41 as though fully stated herein.

42. O.C.G.A. § 10-1-390, *et seq.*, is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

43. The purpose of the GFBPA is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

44. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

45. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

46. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

47. Specifically, Defendant's statement that the claim was not acquired from someone else, when it clearly was, constitutes an unfair and deceptive practice.

48. Upon information and belief, the filing of obviously improper proofs of claim is Defendant's *modus operandi* for debt collection and is done on a wide scale.

49. Defendant's conduct has implications for the consuming public in general.

50. Defendant's conduct negatively impacts the consumer marketplace.

51. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiff of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

52. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

53. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

54. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

55. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

56. Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) and/or 13-6-11; and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of December, 2019.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Joseph L. Erkenbrack
Georgia Bar No.: 801728
*jerkenbrack@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

***Counsel for Plaintiff***